DR. LEANDRO LÓPEZ DE LA ROSA, ETC., Plaintiff and Appellee, *v.* MANUEL V. DOMENECH, AS TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 6441. Argued June 20, 1934.—Decided July 18, 1934.

*Benjamin Horton, Attorney General (Charles E. Winter* on the brief) and *Emilio de Aldrey, Assistant Attorney General,* for appellant. *C. Iriarte* and *F. Fernández Cuyar* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Dr. Leandro López de la Rosa requested the issuance of a writ of mandamus against Manuel V. Domenech, as Treasurer of Puerto Rico, ordering him to pay the vouchers certified to by the Industrial Commission of Puerto Rico, corresponding to the accounts presented to said Commission by the Clínica Miramar for the fiscal years 1929–30, 1930–31, 1931–32. It is requested that for the payment of these vouchers, any balance available to the Treasurer in the funds for the payment of workmen's compensation, be used and that in case there are no funds, the balance resulting be in turn paid from the funds resulting from the collection of pending receipts.

On June 12, 1929, the Industrial Commission of Puerto Rico and petitioner as manager and owner of the Clínica Miramar signed a contract for the hospitalization and medical treatment of workmen injured during the course of their employment, or suffering from occupational diseases, by which contract petitioner agreed to attend, treat, cure and assist in his clinic all injured or sick workmen which the Industrial Commission would send to the Clínica Miramar for said purpose, said commission in turn agreeing to pay petitioner certain sums of money in payment for the services rendered. The said contract has been renewed every year and was in effect, not having expired, when this mandamus proceeding was brought.

During the fiscal years, 1929–30, 1930–31, 1931–32 the Clínica Miramar sent to the Industrial Commission diverse accounts for the services rendered by said clinic to the workmen sent by the commission, in accordance with the terms of the contract. To pay these accounts amounting to $72,668.28, which were revised and approved by the Industrial Commission, duly certified vouchers were issued and presented to the Treasurer to be paid from the state insurance funds.

Defendant maintains that although the accounts of petitioner were approved by the Industrial Commission and although the corresponding vouchers were issued by the Industrial Commission, he could not pay them because the same had to be paid from the income of each of the fiscal years to which they corresponded and besides because there were no funds available corresponding to each of said years.

Issue was joined as to whether the debts incurred by the Industrial Commission must be paid and charged to the fiscal year in which they were incurred or if on the contrary the law must be interpreted in the sense that said fund to pay compensations to workmen is created by the income from premiums, constituting a single fund liable for all the debts incurred by the Industrial Commission.

The lower court ordered the issuance of the writ requested, declaring that the vouchers issued by the Industrial Commission in favor of petitioner and appellee must be paid from any balance or sum available in the fund for the payment of compensations to workmen, and that in case there are no funds, payments should be made whenever the income permits it. Defendant was not satisfied with the judgment rendered and appealed from the same, and assigned one error to the lower court, in holding that the fund to pay compensations to workmen can not be separated by fiscal years with reference to the payment of the debts incurred by the Industrial Commission and that the same must be paid from the general funds, utilizing the incomes from premiums since the creation of the same.

There is no controversy as to the facts in this case. The answer filed by defendant admits as true the facts alleged in the petition. That is, the execution of the contract, its approval by the proper authorities, its annual renewal, the rendition of the services by petitioner during the fiscal years 1929–30, 1930–31 and 1931–32, the value of said services and the issuance of the orders for payment according to law are admitted.

The appellant Treasurer argues that in making the payments requested, he can limit himself to use only the funds available in the fiscal year corresponding to that in which the obligation was incurred by the Industrial Commission, and that not only he has this authority, but that also said legislation requires that said fund to pay compensations to workmen be carried in separate accounts comprising fiscal years and that the debts or obligations contracted be paid from the funds of the corresponding year. Appellant admits that such procedure does not expressly appear in the law but that this conclusion must be reached from a conscientious and careful interpretation of the provisions of Sections 37, 38, 39, 40, 41, 42 and 45 of Act No. 85 of 1928 and its amendments.

The Sections cited can not in our judgment, be interpreted in the sense of authorizing the Treasurer of Puerto Rico to divide the fund in annual groups, assigning to each group the responsibility of paying the obligations incurred by the Industrial Commission with the income corresponding to the fiscal year in which said obligations were incurred. The law is silent on the matter. And it is clear that we can not go that far in the judicial interpretation. The Industrial Commission incurred in an obligation with petitioner and it has been frankly recognized, and the only argument used as an excuse for not paying the sum owed is that the Treasurer can not make any payment from the fund for the payment of compensations to workmen if the account or item object of the payment corresponds to a certain fiscal year and the fund allotted to said year has no balance available. Defendant in his answer admits the right of petitioner to receive the amount claimed as soon as the conditions of the fund to pay compensation to workmen permit it. Said defendant admits the obligation of paying the vouchers issued by the commission and states that if he could collect on all the pending premium receipts and applied their amount to the payment of petitioner's account he would have sufficient

funds to pay the same, but he denies that at present there is a balance available from which to make said payments.

Petitioner rendered his services to the Industrial Commission as agreed, considering the law as it was in effect when the contract was executed. We can not now give to this law a restrictive interpretation which does not arise from its provisions, to delay the payment of an obligation, legitimately executed. The judgment rendered by the lower court compels the defendant to pay to petitioner those vouchers that may be covered with the balance or sum actually existing in the fund to pay compensation to workmen and that as soon as the funds permit it the other vouchers be paid until the total amount claimed is paid. As can be seen, the lower court conditions its judgment ordering the payment of the amount claimed to the existence of funds to cover it and if these funds are not sufficient it delays the payment until the funds exist. The only difference arising between the petitioner and defendant is that the former understands that he is entitled to have his claim paid from the general funds for compensations to workmen, whereas the latter believes that he must not use said funds but a special fund corresponding to the year during which the debt was contracted. As we have already said, the provisions of the law do not authorize this last interpretation.

The judgment appealed from must be affirmed.

Mr. Justice Aldrey took no part in the decision of this case.